UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY LEE BRANDENBURG                                             Plaintiff

v.                                                               Civil Action No. 3:21-cv-P77-RGJ

LOUISVILLE METRO DEP'T OF CORR. *et al.*                      Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

       This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Anthony Lee Brandenburg leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some of Plaintiff's claims and allow others to proceed.

**I.**

       Plaintiff is incarcerated at the Louisville Metro Department of Corrections (LMDC). He brings suit against LMDC and LMDC Officers Nathan W. Wencka, Michale Scera, Devin T. Ballard, and Derek Hughes in both their official and individual capacities.

       Plaintiff alleges that Defendant Wenka used excessive force against him on August 12, 2020, causing him to suffer a large cut under his right eye that needed stitches, two black eyes, and a possible fracture. Plaintiff alleges that Defendants Scera, Ballard, and Hughes "were part of this incident & trying to cover it up & lie on the Incident Report . . . and they tried to hide me away on the 6th Floor." Plaintiff alleges that he was not taken to the hospital for his injuries and that he continues to have blurred vision in his right eye and severe headaches.

As relief, Plaintiff seeks damages and injunctive relief in the form having the Defendant officers terminated.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. LMDC and Official-Capacity Claims

LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Louisville Metro Government is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Similarly, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's claims against LMDC and his official-capacity claims against the individually

named Defendants are actually brought against the Louisville Metro Government.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by the Louisville Metro Government. Thus, his claim against LMDC and his official-capacity claims against Defendants Wencka, Scera, Ballard, and Hughes must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

Based upon Plaintiff's allegations, the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant Wencka and Eighth Amendment failure-to-protect claims to proceed against Defendants Scera, Ballard, and Hughes in their individual capacities. The Court will also allow Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendants Wencka, Scera, Ballard, and Hughes in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### C. Injunctive Relief

As indicated above, Plaintiff requests that the individual Defendants' employment at LMDC be terminated. The Court, however, does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-

11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *see also Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."). Thus, the Court will dismiss Plaintiff's request for injunctive relief for failure to state a claim upon which relief may be granted.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against LMDC, his official-capacity claims against Defendants Wencka, Scera, Ballard, and Hughes, and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED to terminate LMDC as a party to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Jefferson County Attorney
A961.011